# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2574

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ULICE ASKEW,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 CR 37—**Elaine E. Bucklo**, *Judge.*

_____

DECIDED JULY 20, 2005—OPINION PUBLISHED AUGUST 1, 2005[*]

_____

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*[**]

PER CURIAM. On April 5, 2005, we ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that we could determine whether the

_____

[*] Although originally released as an unpublished order on July 20, 2005, the panel has determined that this decision should issue as a published opinion. See Circuit Rule 53 (d)(1).

[**] Judge Ripple was on the original panel but due to changed circumstances, he decided to recuse himself from any further action in this case.

district court would have imposed the same sentence had the United States Sentencing Guidelines been merely advisory at the time that Askew was sentenced. *See United States v. Booker*, 125 S. Ct. 738 (2005).

On June 29, 2005, the district court responded as follows:

> I am unable at this time to say that I would have imposed the same sentence if I had known the Sentencing Guidelines were merely advisory. I therefore desire to resentence the defendant.

On July 6, 2005, the government indicated that it opposes any resentencing of Askew. (7/06/2005 Gov't Opp. to Resentencing.) The government contends that Askew has not met his burden of showing plain error and thus is not entitled to be resentenced. The government interprets the district court as expressing only a *present* desire to resentence Askew, because the judge was "unable at this time to say" whether she *would have* imposed the same sentence. (*Id.* ("The operative time to consider whether plain error was committed is not the present, that is the district court's current feelings about the sentence, but *whether when initially sentencing* Askew, the district judge would have been inclined to sentence him to a lesser term had she know [sic] the guidelines were merely advisory.") (emphasis in original).)

The government takes an unduly narrow view of the district judge's response and the purpose of our limited remand. In *Paladino*, we stated that "[i]f . . . the judge states on limited remand that he would have imposed a different sentence had he known the guidelines were merely advisory, we will vacate the original sentence and remand for resentencing." 401 F.3d at 484. True, the district judge's response uses wording that does not precisely mirror the language quoted. But the judge's words respond to and track other language in *Paladino* indicating that "if the judge would have imposed the same sentence even if he had

thought the guidelines merely advisory . . . there is no prejudice to the defendant." *Id.* at 483. The judge certainly did not say that she would have imposed the same sentence. In fact, the judge unambiguously expressed her desire to resentence Askew. *See id.* at 484.

The important point here is that we interpret the district judge's response as an affirmative answer to our question whether plain error occurred in Askew's case. *Paladino* does not require any particular "magic words" to that effect, only that the district judge indicate whether she would have imposed a different sentence under an advisory Guideline scheme. In our view, the district judge's response adequately expresses that she would have done just that.

Accordingly, we VACATE Askew's original sentence and REMAND this matter to the district court for resentencing.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*