**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 22, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 03-1454 & 03-2615

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | Nos. 01 CR 1115 |
| ALFREDO LONGORIA and LEONEL DURAN, *Defendants-Appellants*. | Milton I. Shadur, *Judge*. |

**O R D E R**

This court ordered a limited remand so the district court could state on the record whether the defendants' sentences remain appropriate now that *United States v. Booker,* 125 S. Ct. 738 (2005), has limited the Guidelines to advisory status. *See United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005).

The district judge has now replied that he is "uncertain" whether he would have imposed the same sentences based on the existing record; the judge has requested an opportunity to resentence the defendants based on a new sentencing hearing. The government opposes resentencing, arguing that the district court did not unequivocally state in response to the *Paladino* remand that he would have imposed lesser sentences had he known the Guidelines were advisory. The government asserts that plain error under *Paladino* is not established unless the district judge advises that he would have been inclined to impose lesser sentences *at the time of initial sentencing* had he known the Guidelines were advisory.

We have recently rejected this argument as an "unduly narrow view" of the purpose of the *Paladino* limited remand procedure. *United States v. Askew*, 417 F.3d 648 (7th Cir. 2005). In *Askew*, the district judge responded to this court's *Paladino* remand by stating that she was "unable at this time to say" whether she would have imposed the same sentence under an advisory Guidelines scheme and expressed her "desire to resentence the defendant." *Id.* at 649. We broadly interpreted this response as "an affirmative answer to our question whether plain error occurred" and remanded for resentencing. *Id.*

*Askew* applies here. Accordingly, we VACATE the defendants' sentences and REMAND this matter to the district court for resentencing.