UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2929

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>FREDDY ROSAS,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 03 CR 239<br><br>Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

After the Supreme Court held that the sentencing guidelines are advisory, rather than mandatory as previously believed, *United States v. Booker*, 125 S.Ct. 738, 757 (2005), we ordered a limited remand to determine whether the district court would have sentenced Rosas differently had it known that it was not bound by the guidelines. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir.2005). The district judge has replied stating that he would like the opportunity to resentence the defendant in light of the now-advisory nature of the guidelines. Specifically, Judge Randa informed this court that, had he known that the guidelines were advisory at the time Rosas was sentenced, he "would have looked at the sentencing differently and taken into consideration the factors contained in 18 U.S.C. § 3553."

We invited the parties to file arguments concerning the reasonableness of the sentences, however, neither party accepted that invitation.

Because the district court's statement evinces plain error in Rosas' sentence, *see United States v. Askew*, 417 F.3d 648, 649 (7th Cir. 2005), we hereby VACATE Rosas' original sentence and REMAND this matter to the district court for resentencing. *See Paladino*, 401 F.3d at 484.