UNPExternED ORDER

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 10, 2006

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 02-2252, 02-2353 & 02-3998

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>  *v.*<br><br>FIDELMAR CORTES, JOSE<br>RODRIGUEZ, and JUAN HERNANDEZ,<br>    *Defendants-Appellants*. | Appeals from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division<br><br>No. 99 CR 469<br><br>Robert W. Gettleman,<br>*Judge*. |

**O R D E R**

  Fidelmar Cortes, Juan Hernandez, and Jose Rodriguez were part of a drug conspiracy. See Unites States v. Medina, 430 F.3d 869 (7th Cir. 2005). Among other things in Medina, we issued a remand pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), for the district judge to inform us whether the sentences Cortes, Rodriguez, and Hernandez received would have been different had he known the guidelines were merely advisory. On August 29, 2006, the judge issued the following statement:

    The Court has considered the briefs and submissions by the parties
    with respect to the Paladino remands for defendants Fidelmar
    Cortez, Jose Rodriguez and Juan Hernandez, and concludes that
    the sentences might have been less severe had the court known the
    Sentencing Guidelines were advisory rather than mandatory.

The defendants contend that, based on the judge's statement, they must be resentenced.  The government has not objected, perhaps recognizing that <u>United States v. Askew</u>, 417 F.3d 648 (7th Cir. 2005), settles the matter.  As it does.  In <u>Askew</u>, at 649, we found that a similar statement was an "affirmative answer to our question whether plain error occurred . . . ."  As in <u>Askew</u>, the statement of the district judge in this case tells us that he suspects, but does not promise, that the sentences of these defendants could be "less severe" under advisory guidelines.  Accordingly, the cases of Cortes, Hernandez, and Rodriguez are REMANDED for resentencing.