UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006
Decided November 14, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2194

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>FABIAN LAFUENTE,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 01 CR 881<br><br>Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

Fabian Lafuente was convicted of possession of cocaine with the intent to distribute, attempted possession of cocaine with the intent to distribute, and possession of a firearm with an altered, removed, or obliterated serial number. He was sentenced to 300 months' imprisonment. On appeal, we affirmed the conviction but ordered a limited remand in accordance with *United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005), in order to determine if the district judge would have imposed a different sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Lafuente*, 426 F.3d 894 (7th Cir. 2005). After a hearing, the district judge entered an order that he "would have sentenced Defendant to a total sentence within the U.S.

Sentencing Guidelines if they were construed as advisory under *U.S. v. Booker*, 125 S. Ct. 735 (2005)."

As we have noted before, *"Paladino* does not require any particular 'magic words' ... only that the district judge indicate whether [he] would have imposed a different sentence under an advisory Guideline scheme." *United States v. Askew*, 417 F.3d 648, 649 (7th Cir. 2005). Although the district court did not *exactly* answer the remand question, "whether [the court] would have imposed the same sentence" if the Guidelines were advisory, *Lafuente*, 426 F.3d at 899, in the absence of other information we would be inclined to view this as an affirmative answer.

But in this case, the answer is not so simple. At the hearing on remand, defense counsel reminded the district judge that during the original sentencing he had noted that he felt constrained by the Sentencing Guidelines. After some discussion about the extent of the district court's discretion in a *Paladino* remand, the following dialog occurred:

> "Court: ... [T]he precise answer to the question then is I would impose a sentence within the guidelines. I do not see any 3553 factors that would have caused me to sentence him outside the guidelines.
>
> [Defense Counsel]: But if the matter were remanded to you you would impose...
>
> Court: If the matter were remanded to me I would impose a sentence of 292 months."
>
> Tr. Aug. 30, at 6-7.

A sentence of 292 months' imprisonment would have been within the Guidelines range all along. *See Lafuente* 426 F.3d at 896-97 (setting the advisory guideline range for the remand at 292 to 365 months). In this sense, we are uncertain how it is that making the Guidelines advisory now puts a sentence of 292 months on the table where the trial court felt that 292 months was not an option before *Booker*. We can imagine such scenarios but we can only speculate. And that is the point: we will not engage in speculation where the constitutionality of a sentence is in question. The government agrees in its reply to the district court's order that a full remand for re-sentencing is appropriate in light of the proceedings below.

We asked whether the district court would have imposed the same sentence if the Guidelines were advisory. Because the district court's order is slightly ambiguous on this point, and because the district judge indicated at the hearing that he would likely

not sentence the defendant to the same term of months, we **VACATE** the defendant's sentence and **REMAND** this matter to the district court for re-sentencing.