# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 05-4311, 05-4243

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

GERARD HAWKINS and MONIQUE HAWKINS,

*Defendants-Appellants*.

———————

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 03-114-CR-01/02 M/F—**Larry J. McKinney**, *Chief Judge*.

———————

ARGUED FEBRUARY 15, 2007—DECIDED MARCH 9, 2007

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendants were convicted by a jury of violating the federal mail fraud statute, and of related crimes, arising from a scheme to defraud mortgage lenders by submitting inflated appraisals of the property to be mortgaged. They were sentenced (following a remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005)) to 63 and 45 months in prison, respectively. Their appeals challenge only their sentences.

The sole issue is the amount of loss caused by the fraud. The indictment specified nine properties, and evidence presented at trial indicated that the loss relating to those properties was $736,700. The presentence investigation report identified ten more properties involved in the fraud, and estimated the loss related to those properties to be $311,211. The defendants' sentences were based on the aggregate losses and might have been less had the additional estimate in the presentence investigation report been disregarded. The figures we have given are for Gerard Hawkins; they are different for Monique Hawkins but the differences are immaterial.

Gerard Hawkins's lawyer complains because at sentencing the judge incorrectly stated that "that money"—the total of more than $1 million estimated in the presentence investigation report—"was found to have been a loss by the jury itself," and as a result of this error the judge had failed to make his own estimate of the loss related to the properties that had not been before the jury at the trial. But the lawyer fails to identify any errors in the report. He implies that when a presentence investigation report is not based on evidence presented at trial, the judge has an independent duty to determine its accuracy. The lawyer is pushed into this corner by the failure of either of the Hawkinses' trial lawyers to object to the report's accuracy. Gerard Hawkins's lawyer did challenge the report, but he specified no errors in it—and a defendant "must produce more than a bare denial, or the judge may rely entirely on the [report]." *United States v. Mustread*, 42 F.3d 1097, 1101-02 (7th Cir. 1994); see also *United States v. Romero*, 469 F.3d 1139, 1147 (7th Cir. 2006); *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); Fed. R. Crim. P. 32(i)(3)(A).

Instead, Monique Hawkins's lawyer made the frivolous contention, which was then adopted (it seems) by her

husband's lawyer, that only a jury (if there is a jury) can make findings of fact that can influence a sentence. As we have explained countless times, echoing *Booker*, see 543 U.S. at 259-60, the first step in sentencing under the *Booker* regime is for the judge to determine the sentencing range under the sentencing guidelines. E.g., *United States v. Roberson*, 474 F.3d 432, 435 (7th Cir. 2007). To do so he often will have to make factual determinations. He is authorized to do so. *United States v. Caldwell*, *supra*, 448 F.3d at 290. Having calculated the guidelines range, he can give a sentence inside or outside the range, provided the sentence complies with the standard set forth in 18 U.S.C. § 3553(a). E.g., *United States v. Johnson*, 471 F.3d 764, 764 (7th Cir. 2006); *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006).

Because the Hawkinses' trial lawyers either do not read judicial opinions or do not understand them, or cannot distinguish a majority from a dissenting opinion, or are "in denial," or are "*Booker* protesters," they insist that a judge cannot be allowed to base a sentence on any facts other than those determined by the jury. As a result, they failed to raise the objection now pressed on us by Gerard Hawkins's appellate lawyer (that, as we are about to see, the presentence investigation report is unreliable on the amount of loss). This demonstrates that a lawyer's obsessions can harm his clients.

This lawyer, who does not share the trial lawyers' obsession, argues that since his client objected to the sentence, albeit on the wrong ground, he should be permitted to object on the right ground in this court. But the argument made in the district court that only a jury can make findings of fact that influence the severity of the

sentence did not alert the judge to the complaint now made that the presentence investigation report overestimated the loss caused by the fraud. They are completely different arguments, and the second, not having been made in the district court, is forfeited. The judge had every reason to believe that neither defendant doubted the accuracy of that estimate (as distinct from its admissibility), and in the absence of concrete objections to its accuracy he had, as we have indicated already, no duty to audit the report.

Of course we can still review for plain error. But for an error to be plain, it must first of all *be* an error. Gerard Hawkins's appeal brief points to no mistake in the presentence investigation report. It merely asserts, without particulars, that the report is flawed. It is not our duty to paw through the report trying to figure out what errors it might contain.

The submission on behalf of Monique Hawkins is incompetent. In an argument section just two pages in length, the brief contends that *Booker* "specifically hold[s] that any Guideline sentence be calculated based only on facts found by a jury." That is the "holding" of the dissenting Justices in *Booker*. See *United States v. Booker*, *supra*, 543 U.S. at 284-85 (Stevens, J., dissenting in part).

AFFIRMED.

A true Copy:

    Teste:

                      _____

                      *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*