**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 29, 2007
Decided April 2, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1592

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ULICE ASKEW,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 02 CR 37<br><br>Elaine E. Bucklo,<br>*Judge.* |

**O R D E R**

Ulice Askew was convicted after a jury trial of conspiracy to possess and distribute a mixture containing PCP, 21 U.S.C. §§ 846, 841(a)(1); attempted possession for distribution of a mixture containing PCP, *id.*; and using a communication facility to facilitate the commission of a drug felony, *id.* § 843(b).  In June 2003 he was sentenced to a total of 210 months' imprisonment, the low end of the guidelines range.  We affirmed his convictions on direct appeal but issued a limited remand under *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to learn whether the district court would have imposed the same sentence under an advisory regime.  *United States v. Askew,* 403 F.3d 496 (7th Cir. 2005). The district court replied that it was unsure whether it would have imposed a

different sentence, so we vacated the sentence and remanded for resentencing. *United States v. Askew,* 417 F.3d 648 (7th Cir. 2005) (per curiam).  The district court, relying on its discretion under *United States v. Booker,* 543 U.S. 220 (2005), imposed a below-guidelines sentence of 172 months' imprisonment.  Askew now appeals that sentence, but his appointed counsel moves to withdraw because she cannot discern a nonfrivolous basis for appeal.  *See Anders v. California,* 386 U.S. 738 (1967).  We invited Askew to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so.  Our review is limited to the potential issues identified in counsel's facially adequate brief and in Askew's response.  *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Several issues were contested at the second sentencing.  The jury had returned special verdicts finding Askew personally responsible for less than 100 grams of a mixture containing PCP on the conspiracy count, and between 100 grams and a kilogram of such a mixture on the attempted-possession count.  These findings triggered a maximum prison term of 40 years on the latter count.  *See* 21 U.S.C. § 841(b)(1)(B)(iv).  At the original sentencing, however, the district court had credited the testimony of Askew's drug supplier and found that Askew was responsible for approximately eight kilograms of PCP mixture.  The district court also had imposed an upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice because Askew, in the court's opinion, had testified falsely at trial.  At resentencing the court declined Askew's request to reconsider these findings, but it did hear arguments from both parties regarding the sentencing factors set forth in 18 U.S.C. § 3553(a).  The court imposed a sentence of 172 months, 38 months below the low end of the 210- to 262-month range.

In her *Anders* submission, counsel first discusses two findings made by the district court in applying the guidelines: the drug quantity and obstruction of justice.  Both findings were made at the original sentencing but left unchallenged during Askew's initial appeal.  Counsel concludes that an argument about either finding would be frivolous in this appeal because neither is clearly erroneous.  *See United States v. Romero,* 469 F.3d 1139, 1147 (7th Cir. 2006)*; United States v. Davis,* 442 F.3d 1003, 1008 (7th Cir. 2006).  But these findings could have been contested during the initial appeal, and so any argument about them was waived and thus is beyond the scope of our remand.  *See United States v. Husband,* 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues.").  These potential issues that counsel identifies therefore would not even be properly before us.

Counsel and Askew then consider arguing that the district court violated the dictates of *Booker* at resentencing by setting the base offense level and the mandatory minimum sentence (of 10 years) based on a fact (the drug quantity) not

found by the jury. This potential issue would be properly before us but counsel is correct to call it frivolous. We have said repeatedly that *Booker* does not prevent a sentencing judge from making factual findings that increase the guidelines range. *E.g., United States v. Hawkins,* Nos. 05-4311 & 05-4243, slip. op. at 3 (7th Cir. Mar. 9, 2007); *United States v. Harrison,* 431 F.3d 1007, 1014 (7th Cir. 2005). And the well-settled rule that mandatory minimums do not implicate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), remains intact after *Booker. See Harris v. United States*, 536 U.S. 545, 568 (2002); *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005).

Counsel finally considers whether Askew could challenge the reasonableness of his new, lower prison sentence. We agree with counsel that such a challenge would be frivolous. We have noted that "[i]t is hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and Askew's sentence would not be one of the rare exceptions. We would draw the same conclusion even if we gave no special weight to the length of the sentence relative to the guidelines range. *Cf. United States v. Rita,* No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted,* 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754). The district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006), and counsel is unable to articulate any basis for arguing that the sentence imposed is unreasonable.

Accordingly, the motion to withdraw is GRANTED and the appeal is DISMISSED.