**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 21, 2007[*]
Decided May 24, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

| | |
|---|---|
| Nos. 05-4101 & 06-1544 | Appeals from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 00 CR 20046 |
| JAMES M. TURNER and ARLENE F. DIAMOND, *Defendants-Appellants*. | Michael P. McCuskey, *Chief Judge*. |

**Order**

Turner and Diamond were convicted of fraud and money laundering for their roles in a scam that sold phantom "prime bank notes" to gullible investors. We affirmed both convictions but remanded for resentencing. See *United States v. Diamond*, 378 F.3d 720 (7th Cir. 2004); *United States v. Turner*, 400 F.3d 491 (7th Cir. 2005). The new sentences were shorter: Turner received 135 months rather than 151, and Diamond received 188 months rather than 210.

Both have appealed again, contending that the sentences remain too long. They do not contend, however, that the district court failed to carry out our instructions.

---

[*] These successive appeals have been assigned to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Turner maintains that *United States v. Booker*, 543 U.S. 220 (2005), entitles him to a new trial at which all questions bearing on sentencing will be resolved by the jury, or alternatively that the judge must resolve all of these issues in his favor. Either way, the argument boils down to the proposition that *Booker* requires all factual disputes bearing on sentence to be resolved, beyond a reasonable doubt, by a jury. That contention is frivolous and requires no comment beyond what is said in *United States v. Hawkins*, 480 F.3d 476 (7th Cir. 2007). And Turner's penalty is reasonable with or without a presumption that sentences within a properly constructed Guideline range (as Turner's was) are reasonable. That question is before the Supreme Court in *Rita v. United States*, No. 06-5754 (argued Feb. 20, 2007), but does not affect the outcome; Turner's sentence is reasonable by any reckoning.

Diamond, who has proceeded *pro se* in this court, advances 22 separate contentions that do more to demonstrate why criminal defendants need legal assistance than to undermine her conviction. Diamond's lead issue, for example, reads:

> Did district court exceed its delegated authority by trying a sovereign American citizen in a Military court, under a gold fringed Military Parade Flag, [law of the Flag*], contrary to the Constitution for the united States of America?

The brackets, asterisk, and errors all are in the original. As for the substance, neither the statement of the issue nor the rest of the brief affords a glimmer of a legal claim. Diamond was tried in a United States District Court, not a military tribunal.

Much of the brief consists of assertions that Diamond is a "sovereign" not subject to trial in any court other than "her own." These arguments are beyond the scope of the remand and were forfeited when nor presented earlier. What's more, many of the arguments imply a disdain for legal obligations demonstrating the need for a lengthy sentence to protect the public: Diamond makes it clear that she does not feel bound, and will not abide by, any law with which she disagrees.

The only portion of the brief that presents any recognized legal argument is Diamond's contention that the district judge should have allowed her to represent herself at the resentencing. Yet she never made a clear request for self-representation. Instead she engaged in obstructionist conduct—such as refusing to speak or claiming to be someone else—so peculiar that the judge ordered a psychiatric examination. The examination revealed that she is intelligent (IQ 126), in full possession of her faculties, and determined to throw a monkey wrench into the proceedings if she can. After receiving this report the judge asked Diamond whether she wanted to represent herself. She replied: "I accept that for value. I accept your offer." When pressed, she used several variations of this phrase but refused to say "yes" or "no." Diamond's answer implies that she is among those who imagine (or profess to believe) that proceedings in court form contracts with the judge, who then must pay the price the litigant names. See *United States v. James*, 328 F.3d 953 (7th Cir. 2003). No judge is required to put up with such antics.

AFFIRMED