NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 2, 2008
Decided April 15, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, Circuit Judge

No. 07-1779

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 05 CR 672 |
| SHAUN CROSS, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Shaun Cross entered a guilty plea to a 13-count indictment charging mail fraud, wire fraud, and making false statements on loan applications, in violation of 18 U.S.C. §§ 1341, 1343, and 1014.  He was sentenced to 140 months in prison and ordered to pay restitution in the amount of $4,350,058.  He appeals the sentence.

From September 2000 to January 2003, Cross and others perpetrated a massive mortgage loan fraud involving more than $6 million in loans.  The fraud involved 35

mortgage loans on 17 residential properties in the names of some 17 different "straw buyers." The loans were provided by 23 banks and residential lenders. The straw buyers were paid $5,000 for the use of their names and social security numbers, and some were required to sign mortgage loan documents.

A codefendant worked for TCF bank and provided Cross with false verifications of deposit for various of the straw buyers. At first Cross arranged for the closings at licensed title companies. But beginning in August 2001, he arranged for the closings to be held at two fraudulent title companies he created--Title First and Illinois Title and Trust.

Prior to sentencing, Cross filed objections to the calculation of his sentencing range under the United States Sentencing Guidelines as set out in the presentence investigation report. He said he did not plead to "any sentencing allegations and made no admissions regarding Sentencing allegations." Rather than offense level 31, as the probation department calculated, he said his offense level should be 28.

Cross argues first that the district judge is prohibited from making factual determina-tions by a preponderance of the evidence at sentencing because doing so violates his Sixth Amendment right to a jury trial, his Fifth Amendment right to due process, and the Ex Post Facto Clause of the United States Constitution. Wisely seeing that the argument might fail, he also argues that, even if the judge is allowed to make findings, the finding that the crime was committed by sophisticated means was in error. He also says that his sentence shows an unwarranted disparity between him and other similarly situated defendants and is unreasonable in light of the factors in 18 U.S.C.§ 3553(a).

The constitutional arguments cannot succeed. In effect, Cross would have us overturn United States v. Booker, 543 U.S. 220 (2005), something which is, of course, outside the pale. See United States v. Santiago, 495 F.3d 820 (7th Cir. 2007); United States v. Hawkins, 480 F.3d 476 (7th Cir. 2007); United States v. White, 472 F.3d 458 (7th Cir. 2006). Booker states as clearly as possible that we must apply its holding "to all cases on direct review." At 268. More recently, in Rita v. United States, 127 S. Ct. 2456 (2007), the Court specifically looked at a Sixth Amendment challenge to judge-made findings which increase a guideline range. The Court determined that because the

guidelines are not mandatory, nothing forbids a judge from imposing a sentence higher than the "Guidelines provide for the jury-determined facts standing alone."  At 2466.

Similarly we are guided by Rita in our evaluation of whether the sentence is reasonable.  The Court determined that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."  At 2462.  Cross was sentenced within the guidelines (properly, as we shall see).  But, he says, his sentence is longer than comparable sentences nationwide and thus created unwarranted disparity.  He also claims the sentencing judge did not consider the § 3553(a) factors; particularly that the sentence should be no longer than necessary to comply with the purposes of sentencing set out in the statute. We disagree.

The record shows that the judge considered the relevant § 3553(a) factors.  As to disparity, a major factor in the Court's decision in Rita to allow appellate courts to apply a presumption of reasonableness to sentences which fall within the guidelines is that the goal of the guidelines (though perhaps not perfectly attained) is to eliminate disparity.  In establishing a guidelines system, Congress sought to "bring about greater fairness."  At 2467.  The Court determined that those goals are most often met by guidelines sentences.

As to the guidelines calculations, Cross objects to the finding that his activity involved "sophisticated means."  On appeal for the first time,  he says there is nothing especially complex or intricate about the means by which he committed the crime.  He objected to the enhancement in the district court, but only as to the constitutional grounds we have just discussed.  He did not object to the factual basis of the finding. Our review, then, is for plain error:  error that is plain and which affects substantial rights.  United States v. Olano, 507 U.S. 725 (1993).  Because there is no error in the first instance, he cannot prevail.

Guideline § 2B1.1(b)(8) provides that a defendant's offense level may be increased by two levels if the "offense otherwise involved sophisticated means."  The Application Note says that

> [f]or purposes of subsection (b)(8)(C), "sophisticated means"
> means especially complex or especially intricate offense

> conduct pertaining to the execution or concealment of an
> offense. . . .
> Conduct such as hiding assets or transactions, or both,
> through the use of fictitious entities, corporate shells . . .
> ordinarily indicates sophisticated means.

What Cross was charged with doing and pled guilty to is exactly what the Note describes. He does not give us any reason to think the finding is erroneous.

Accordingly the judgment is AFFIRMED.