**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009[*]
Decided December 31, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2259

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | 3:08CR30137 |
| VERNON B. ROLLINS *Defendant-Appellant*. | David R. Herndon, *Chief Judge*. |

**O R D E R**

Vernon Rollins pled guilty to three counts of distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1); § 841(b)(1)(C). At his plea hearing Rollins admitted that he distributed a total of 4.9 grams of crack over the course of three separate drug sales. At sentencing, the district court found him accountable for 2.24 kilograms of crack as relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1). The court imposed a below-guidelines sentence of 120 months' imprisonment for each count, with each sentence to run concurrently with each other. Rollins filed a notice

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

of appeal, but his appointed counsel moves to withdraw because he is unable to identify a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Rollins opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues addressed in counsel's facially adequate brief and in Rollins's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Both counsel and Rollins consider whether the district court erred in attributing to Rollins 2.24 kilograms of crack as relevant conduct. Rollins specifically challenges the court's reliance on the testimony of certain government witnesses, Dekal James and Broderick Wooters, both of whom had pled guilty to distributing crack and were cooperating with the government in hopes of receiving reduced sentences. James testified that from December 2005 to September 2006, both he and Rollins frequented the same drug house in Mt. Vernon, Illinois, where he routinely observed Rollins buying 1 to 2 ounces of crack and, on multiple occasions, saw Rollins buying larger quantities ranging from 2.25 ounces to 18 ounces. Wooters testified that Rollins's mother is his godmother, and that Rollins began selling him drugs when he was 16 years of age, and further, that Rollins sold him an ounce of crack once or twice a week during the early summer of 2008. The district court credited both James and Wooters and, based on James's testimony alone, found Rollins responsible for 2.04 kilograms.

We agree with counsel that any challenge to the relevant drug quantity would be frivolous. The government must prove uncharged drug quantities by a preponderance of the evidence, *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007), and a sentencing court may assess relevant conduct by considering any evidence that bears a "sufficient indicia of reliability," U.S.S.G. § 6A1.3(a); *see United States v. Hankton*, 432 F.3d 779, 789-90 (7th Cir. 2005). A district court is entitled to credit testimony regardless of whether it is corroborated. *See, e.g., United States v. Sainz-Preciado*, 566 F.3d 708, 713-14 (7th Cir. 2009). We review the district court's credibility determinations for clear error. *See United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008); *United States v. Blalock*, 321 F.3d 686, 690 (7th Cir. 2003). The court explicitly found the testimony of both witnesses credible—a finding we would not disturb on clear-error review. *See Clark*, 538 F.3d at 813; *Blalock*, 321 F.3d at 690. Rollins provided no evidence at sentencing in contradiction of the witnesses' testimony—save for his unsworn statement during allocution that the witnesses were lying—nor did he establish that the court relied on inaccurate information. *See Sainz-Preciado*, 566 F.3d at 713; *Hankton*, 432 F.3d at 790. Any argument challenging the government witnesses' credibility would be frivolous.

Rollins also contends that the inclusion of additional drug quantities as relevant conduct was improper and unconstitutional because the additional amounts were not charged in the indictment nor presented to a jury. We have repeatedly explained that drug

quantity need only be charged in the indictment or found beyond a reasonable doubt insofar as it establishes the statutory maximum sentence. *See United States v. Washington*, 558 F.3d 716, 719 (7th Cir. 2009) (citing *United States v. Booker*, 543 U.S. 220, 233, 245 (2005)); *United States v. Kelly*, 519 F.3d 355, 363 (7th Cir. 2008); *United States v. Hawkins*, 480 F.3d 476, 477-78 (7th Cir. 2007); *United States v. Martinez*, 301 F.3d 860, 864-65 (7th Cir. 2002). In this case, Rollins pled guilty to three counts of distributing less than 5 grams of cocaine base and was therefore sentenced under § 841(b)(1)(C), which imposed a statutory maximum sentence of 20 years for each count. The district court considered the additional quantities of crack only to calculate Rollins's advisory guidelines range, and his resulting sentence of 120 months for each count is well within the statutory maximum sentence he could have received for distributing less than 5 grams of crack. Thus, the additional drug amounts did not need to be charged in the indictment nor presented to the jury because the drug amounts did not effect the statutory maximum sentence.

Finally, Rollins argues that his trial counsel provided ineffective assistance. A claim of ineffective assistance, however, is best pursued in a collateral proceeding where the record must be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS the appeal.