In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3977

United States of America,

Plaintiff-Appellee,

v.

Duane A. Duvall,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 99 CR 35--Richard L. Young, Judge.

Argued April 6, 2001--Decided November 14, 2001

Before Flaum, Chief Judge, and Posner and Williams, Circuit Judges.

Williams, Circuit Judge.  Duane Duvall was convicted of possession with intent to distribute a substance or mixture containing methamphetamine. His primary argument on appeal is that the government's pretrial notice of its expert testimony was inadequate under Federal Rule of Criminal Procedure 16(a)(1)(E). We agree that the government's notice was inadequate, but find that any error in admitting the testimony was harmless. We also find no error in the district court's exclusion of testimony regarding the purity of the mixtures found. Finally, we reject Duvall's argument that his conviction must be overturned because the jury was not required to find the quantity of the methamphetamine mixture that he possessed, and therefore affirm the judgment of the district court.

I.  BACKGROUND

When Duvall was arrested, police found in his car several small plastic bags containing mixtures of controlled substances; some of the mixtures contained methamphetamine, and some contained amphetamine. Before trial, the government filed two informations pursuant to 21 U.S.C. sec. 851

identifying Duvall's four prior convictions for felony drug offenses. The government also provided pretrial notice of its intent to call Detective Donald Erk to testify as an expert "concerning violations of controlled substances laws," and two DEA chemists to testify regarding tests performed on samples of the drugs seized, including their conclusions about the amount of methamphetamine contained in those substances. Duvall moved to take the deposition of these and other government witnesses, complaining that the government's notices were inadequate under Federal Rule of Criminal Procedure 16(a)(1)(E). The district court denied that motion and also denied Duvall's pretrial motion to exclude Erk's testimony.

At trial, Duvall took the stand and admitted that he possessed the drugs found by the police and intended "to give those drugs to someone else." His defense was that he was working as a government informant at the time. The jury rejected that defense and convicted Duvall of possession with intent to distribute more than 50 grams of a mixture containing methamphetamine, and possession with intent to distribute more than 50 grams of a mixture containing amphetamine. The judge sentenced Duvall to 360 months' imprisonment on each count, to be served concurrently. Duvall appeals his conviction on the methamphetamine charge.

II.  ANALYSIS

A.  Expert Disclosure Statements

Duvall first argues that Detective Erk's testimony should have been excluded because the government's pretrial disclosure of Erk's testimony was inadequate. We review the district court's denial of the defendant's motion to exclude for abuse of discretion. United States v. Jackson, 51 F.3d 646, 651 (7th Cir. 1995).

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government to provide, at defendant's request, a written summary of the expert testimony that it intends to use during its case-in-chief. That summary must "describe the witnesses' opinions, the bases and the reasons for those opinions, and the

witnesses' qualifications." Fed. R. Crim. P. 16(a)(1)(E). The government's pretrial notice disclosed Erk's testimony as follows:

Detective Erk will identify code language, the manner in which methamphetamine is distributed, tools of the trade in the distribution of methamphetamine, street prices of methamphetamine and the manner in which "cut" is added to methamphetamine to increase the amount of profit in the methamphetamine business. Detective Erk will also testify concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use./1

At trial, Detective Erk testified that methamphetamine users typically possess an eighth of an ounce or less, that possession of more than that is consistent with distribution rather than personal use, that methamphetamine is typically divided into small packages for distribution, and that possession of multiple small packages is inconsistent with personal use.

We believe that the government's notice did not adequately summarize or describe Erk's trial testimony. The Rule requires a summary of the expected testimony, not a list of topics. The government's notice provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects. For example, the statement that Erk would testify concerning "the manner in which methamphetamine is distributed" does not in any way identify the particular opinion that Erk offered at trial--for example, that methamphetamine is typically divided into small packages for distribution. Similarly, the statement that Erk would testify "concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use," does not identify what amount, according to Erk, would point to intended sales rather than use. The government responds that, for this sort of expert testimony about typical practices in drug sales, its notice was adequate, relying on our opinion in United States v. Jackson, 51 F.3d 646. In Jackson, we held that a similarly brief notice was "barely" adequate under Rule

16(a)(1)(E), but the notice there, although brief, at least identified the expert's actual opinion (that narcotics traffickers often secure locations such as houses or apartments to serve as a base for dealing narcotics) and the notice here did not even do that much./2

Nevertheless, exclusion of the testimony is not the only remedy available to the district court for a violation of Rule 16(a)(1)(E). See Fed. R. Crim. P. 16(d)(2); Jackson, 51 F.3d at 652. Duvall did not identify (to the district court or to this court) any prejudice that could have been avoided by a more detailed notice, and therefore we believe the court was within its discretion in denying Duvall's motion to exclude Erk's testimony. See United States v. Koopmans, 757 F.2d 901, 906 (7th Cir. 1985). Furthermore, even if it was error to admit the evidence, it was harmless. The point of Erk's testimony was to help the jury evaluate the government's claim that the amount of drugs seized, and the way they were packaged, indicated that the drugs were intended not for personal use but for distribution. But Duvall admitted that he intended to distribute the drugs, so Erk's testimony could not have made any difference. The court's failure to exclude Erk's testimony therefore cannot serve as the basis for reversal of Duvall's conviction. See Fed. R. Crim. P. 52(a); United States v. Barrett, 703 F.2d 1076, 1082 (9th Cir. 1982)./3

B.  Testimony Regarding the Purity of the Substance

Duvall next claims that the district court erred in limiting his cross-examination of DEA chemist Dal Cason, who testified that some of the substances seized from Duvall contained methamphetamine. On cross-examination, Cason said that some of the samples had "low percentages" of methamphetamine, but the government objected to additional questions about the relative purity of the drugs. We agree with the district court that in this case the relative purity of the substances seized was irrelevant, because Duvall was charged with possessing with intent to distribute a mixture of methamphetamine, and not any quantity of pure methamphetamine. See 21 U.S.C. sec. 841(b) (1)(B)(viii)./4

But Duvall claims that the court later made purity an issue because the jury was instructed that "in determining a person's 'intent to distribute' controlled substances, the jury may consider, among other things, the purity of the controlled substance. . . ." The government concedes that this instruction was probably unwise, because, as we have noted, Duvall admitted that he intended to distribute the substances. However, for the same reason, the instruction was also harmless: given Duvall's admission, any inference of intent that the jury might have drawn from the relative purity of the substance could not have mattered, and therefore reversal is not warranted.

C.  Apprendi Issues

Finally, Duvall claims that his conviction for possession with intent to distribute methamphetamine under 21 U.S.C. sec. 841 cannot stand because the jury was instructed that they need not find the actual quantity of the mixture containing methamphetamine, which, he claims, is an element of the offense under Apprendi v. New Jersey, 530 U.S. 466 (2000). We have held that Apprendi requires that facts (other than prior convictions) that determine the maximum sentence under 21 U.S.C. sec. 841 must be charged in the indictment and proved beyond a reasonable doubt. United States v. Brough, 243 F.3d 1078, 1080 (7th Cir. 2001); United States v. Nance, 236 F.3d 820, 825 (7th Cir. 2000). However, as we explained in Brough, although the failure to establish these facts beyond a reasonable doubt limits the choice of maximum sentence under sec. 841, it does not jeopardize the conviction. Brough, 243 F.3d at 1080. Here, the jury found beyond a reasonable doubt that Duvall possessed with intent to distribute some quantity of methamphetamine, so his conviction is secure. Id.; see also United States v. Bjorkman, ___ F.3d ___, No. 99-3302, 2001 WL 1329244, at *3-5 (7th Cir. Oct. 30, 2001).

As for his sentence, because the jury did not find quantity, the maximum for possession with intent to distribute methamphetamine is determined by sec. 841(b)(1)(C). United States v. Westmoreland, 240 F.3d 618, 632 (7th Cir. 2001); Talbot v. Indiana, 226 F.3d 866,

869 (7th Cir. 2000). The maximum sentence under sec. 841(b)(1)(C) is ordinarily 20 years, but if the defendant has a prior felony drug conviction, the maximum is increased to 30 years. See 21 U.S.C. sec. 841(b)(1)(C). The district court, rather than the jury, found that Duvall committed the prior drug felonies alleged in the government's informations, but Apprendi does not require that these prior convictions be submitted to the jury or found beyond a reasonable doubt. United States v. Martinez-Garcia, ___ F.3d ___, No. 00-2396, 2001 WL 1158985, at *2 (7th Cir. Sept. 28, 2001); Edwards v. United States, 266 F.3d 756, 759 (7th Cir. 2001). Duvall's 30-year sentence does not exceed the maximum allowed under sec. 851(b)(1)(C) when there is a prior felony drug conviction, so there is no violation of Apprendi. See Edwards, 266 F.3d at 759.

III.  CONCLUSION

We have examined all arguments raised by the defendant and, finding no error warranting reversal, we Affirm the judgment of the district court.

FOOTNOTES

/1 The notice disclosed the basis for Erk's opinions as follows: "Detective Erk's opinion will be based on his education, training and experience with the Evansville Police Department and Drug Enforcement Administration," and his qualifications were disclosed by way of a resume attached to the notice. This disclosure conforms to the minimum that we have found adequate for this sort of testimony. See Jackson, 51 F.3d at 651.

/2 Duvall also complains about the notice's reference to "code language" and "tools of the trade," because no code language or tools of the trade were at issue in this case. But because Erk did not testify on these topics, we do not understand why Duvall claims that Erk's testimony should have been excluded on this basis.

/3 Duvall claims that the government's pretrial notice of its chemists' testimony was also inadequate because it was difficult to identify from the disclosures the particular weight and purity of the mixtures in each of the separate bags seized, which, he argues, was relevant to Duvall's intent to distribute. Again, given Duvall's admission of his intent to distribute the substances, any error in this regard was harmless.

/4 The concentration of methamphetamine in the mixture could have been relevant to sentencing because under the statute and sentencing guidelines the length of the sentence may be calculated by reference to the quantity of the total mixture possessed or the quantity of pure methamphetamine contained in that mixture. See 21 U.S.C. 841(b)(1)(B)(viii); U.S.S.G. sec. 2D1.1(c) note (B); United States v. Turner, 93 F.3d 276, 287 (7th Cir. 1996). But because the district court must impose the longer of the two possible sentences, Turner, 93 F.3d at 287, the government's decision to not offer proof on the actual amount of methamphetamine in the mixture could not have harmed Duvall.