In the

# United States Court of Appeals

## For the Seventh Circuit

No. 00-2569

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWARD MARTINEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 CR 30226—**William D. Stiehl**, *Judge.*

ARGUED JANUARY 10, 2001—DECIDED SEPTEMBER 3, 2002

Before RIPPLE, KANNE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Edward Martinez pleaded
guilty to possession with intent to distribute illegal con-
trolled substances in violation of 21 U.S.C. § 841(a)(1). The
district court sentenced Martinez to120 months' imprison-
ment. In this appeal, Martinez argues that his sentence
does not comply with due process, that cocaine should
not have been included in the calculation of the quantity
of drugs attributable to him, and that the court should
have granted him a two-level deduction under the safety
valve provision of the Sentencing Guidelines. We conclude
that the district court did not err in imposing Martinez's
sentence. Accordingly, we affirm.

## I. BACKGROUND

An Illinois State Trooper stopped the U-Haul truck that Martinez was driving after it drifted onto the shoulder. After issuing a warning, the trooper asked Martinez if he was transporting anything illegal. Martinez responded that he was not and consented to a search of the truck. The trooper found twenty-two bundles of marijuana weighing 314 kilograms and arrested Martinez.

While in custody, Martinez admitted that although he was not certain that he was hauling drugs, he was paid two weeks' salary to drive the truck from Texas to Illinois. Martinez also confessed to transporting drugs on one other occasion. Based on this evidence, Martinez was indicted for possession of marijuana with intent to distribute.

A few weeks later, a crime lab technician found approximately six kilograms of cocaine concealed inside the marijuana bundles. The grand jury then charged Martinez in a superseding indictment with possession with intent to distribute "divers amounts of illegal controlled substances," in violation of 21 U.S.C. § 841(a)(1). Martinez pleaded guilty.

The probation officer converted the six kilograms of cocaine into the equivalent of marijuana under the Guidelines and included it in the calculation of relevant conduct. The probation officer concluded that Martinez was involved with at least 1,000, but less than 3,000, kilograms of marijuana and made this recommendation in the Presentence Investigation Report. The PSR also recommended that Martinez should be sentenced below the statutory mandatory minimum sentence of ten years because he met the safety valve requirements in 18 U.S.C. § 3553(f).

Both parties filed objections to the PSR. Martinez asserted that he could be sentenced only for the 314 kilo-

grams of marijuana because he did not know or suspect that cocaine was concealed in the marijuana. The government argued that Martinez did not qualify for the safety valve because he failed to provide complete and truthful information concerning the scheme to transport drugs. After a sentencing hearing, the district judge found that Martinez's relevant conduct included the cocaine and that Martinez was ineligible for the safety valve. Judge Stiehl also concluded that he was required to apply the mandatory minimum of ten years for possession with intent to distribute cocaine under § 841(b)(1)(A) and then imposed a sentence of 120 months.

## II. ANALYSIS

Martinez filed this appeal on three grounds. First, he claims his sentence violates his due process rights in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Second, he contends that if *Apprendi* does not apply, then the district court committed clear error by including the cocaine as part of his relevant conduct. Finally, Martinez argues that the district court committed error when it found that he was not eligible for the safety valve provision.

### A.  *Apprendi* and Due Process

Martinez argues that the district court violated his due process rights when it included both marijuana and cocaine in his relevant conduct for sentencing purposes, when neither drug type nor quantity were charged in the superseding indictment. Therefore, Martinez claims, in light of *Apprendi* his sentencing should be reversed.

Under *Apprendi*, facts (other than a prior conviction) that raise a defendant's sentence above the statutory maximum must be charged in the indictment, submitted

to the jury, and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476. Because Martinez failed to raise this issue at sentencing, we review his *Apprendi* claims for plain error. *See United States v. Adkins*, 274 F.3d 444, 455 (7th Cir. 2001). Therefore, we will reverse Martinez's sentence only if plain error existed and "the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Martinez argues that because he pleaded guilty to possessing with intent to distribute an unspecified amount and type of controlled substance, the district court should have sentenced him under § 841(b)(1)(D), which sets the maximum sentence for an unspecified amount of marijuana at 5 years, rather than under § 841(b)(1)(A), which provides a sentence of 5 to 40 years for possessing more than 100 kilograms of a substance containing marijuana. However, Martinez conceded that he transported 315 kilograms of marijuana and asserted that his sentence should have been based on that amount. Because the maximum penalty for transporting at least 100 kilograms of marijuana is 40 years, *Apprendi* does not apply because his sentence of 10 years falls within the statutory range mandated by his stipulation to drug quantity. *See United States v. Wallace*, 276 F.3d 360, 369 (7th Cir. 2002), *cert. denied*, 122 S. Ct. 2592 (2002) (defendant's stipulation of quantity is sufficient to meet *Apprendi's* requirement that facts determining the maximum sentence be proved beyond a reasonable doubt). Therefore, Martinez's *Apprendi* claim must fail.

### B. Statutory Mandatory Minimum

Next, Martinez argues that the district court should not have considered the cocaine when it sentenced him

because he did not know or reasonably foresee that it was hidden in the marijuana.[1] As a result, he argues the court erred in considering the cocaine when selecting the applicable minimum sentence under § 841(b). The government counters that the district court was correct in considering the cocaine because it was part of the relevant conduct triggering the ten-year statutory mandatory minimum. We hold that it was not necessary that Martinez knew or foresaw that cocaine was in the truck, as long as he knew he possessed a controlled substance, and that the mandatory minimum for cocaine was properly applied.

Before *Apprendi*, only those elements contained in § 841(a) needed to be proven beyond a reasonable doubt; the factors in § 841(b) could be found by a preponderance of the evidence. *See United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir. 2001), *cert. denied*, 122 S. Ct. 203 (2001). After *Apprendi*, any fact that determines a defendant's maximum sentence under § 841(b) must be proven beyond a reasonable doubt. *See id.* (citing *United States v. Nance*, 236 F.3d 820 (7th Cir. 2000)). However, in cases where the mandatory minimum is imposed, *Apprendi* is not implicated. *See United States v. Williams*, 238 F.3d 871, 877 (7th Cir. 2001), *cert. denied*, 532 U.S. 1073 (2001); *United States v. Smith*, 223 F.3d 554, 565-66 (7th Cir. 2000), *cert. denied*, 122 S. Ct. 2658 (2002); *see also Harris v. United States*, 122 S. Ct. 2406, 2414 (2002) (plurality opinion). His sentence at the statutory minimum for co-

---

[1] Martinez argues that because he did not foresee the cocaine, the court was in error in sentencing him for possessing cocaine. But foreseeability is all that is required under 21 U.S.C. § 846, *see United States v. Herrero*, 893 F.2d 1512, 1535 (7th Cir. 1990), the conspiracy statute. Martinez was charged with possession under § 841, however, and § 841 requires actual knowledge.

caine, therefore, does not violate the constitution. We next determine if the sentence complies with § 841.

In reading § 841, it is clear that drug type and quantity are not elements of the offense. Generally, when reading a statute, "we can presume that its principal paragraph defines a single crime and its subsections identify sentencing factors." *Harris*, 122 S. Ct. at 2412. Accordingly, we have repeatedly held that § 841's elements are contained in subsection (a); subsection (b) contains the considerations which determine the maximum and minimum sentence. *See United States v. Bjorkman*, 270 F.3d 482, 491-92 (7th Cir. 2001), *cert. denied*, 122 S. Ct. 2290 (2002); *Brough*, 243 F.3d 1079; *see also United States v. Duvall*, 272 F.3d 825, 830 (7th Cir. 2001). Therefore, while it is clear that knowledge is an element of § 841, all that its principal paragraph, § 841(a), requires is that a defendant knowingly possess a controlled substance. Drug type is not specified and therefore is not an element of § 841(a). Furthermore, all that § 841(b) requires is that the offense involve certain types and quantities, not that the defendant *know* the type and quantity. Accordingly, a defendant may be convicted under § 841(a)(1) even if he does not know the type or quantity of the controlled substance. *See Bjorkman*, 270 F.3d at 490-91; *Brough*, 243 F.3d at 1080; *Duvall*, 272 F.3d at 830.

Finally, under the sentencing guidelines, district courts may still determine a drug offender's base level offense by calculating quantities of drugs that were not specified in the count of conviction but that the court concludes, by a preponderance of the evidence, were a part of the defendant's relevant conduct, as long as that determination does not result in the imposition of a sentence that exceeds the statutory maximum penalty for that crime. *United States v. Jones*, 245 F.3d 645, 651 (7th Cir. 2001). Relevant conduct includes all acts and omissions committed, aided, abetted, counseled, commanded, induced,

procured, or willfully caused by the defendant. U.S.S.G. § 1B1.3(a)(1)(A). Once convicted, it is the defendant's knowing possession of a *controlled substance*, not the quantity or type, which is at issue for sentencing purposes. At the plea hearing, Judge Stiehl told Martinez that by pleading guilty under § 841(a)(1), he could be sentenced based upon the amount and type of controlled substance that constituted his relevant conduct, and Martinez knew that Judge Stiehl may have considered cocaine as part of the relevant conduct. At the sentencing hearing, Judge Stiehl told Martinez:

> [T]he maximum penalty provided by law for the offense to which you are pleading is dependent upon the amount of controlled substance found to constitute your relevant conduct, and the kind of controlled substance, . . . the type of controlled substance involved here was marijuana, but there also may have been cocaine . . . .

> [W]ith respect to the marijuana, if the amount of marihuana [sic] that I would find constituted your relevant conduct was 100 kilograms but less than 1,000 kilograms, . . . then the mandatory minimum penalty is 5 years imprisonment to a maximum of 40 years . . . . If I would find that there was an amount of relevant conduct of powder cocaine in your case of just a shade under 6 kilograms, then there would be a mandatory minimum penalty of 10 years imprisonment to a maximum of life imprisonment.

Martinez admitted to possessing 315 kilograms of marijuana, rendering him eligible for 5 to 40 years imprisonment, and Judge Stiehl sentenced him to 10 years, which was well below the statutory maximum. Martinez's knowledge, or lack thereof, of the cocaine has no effect on his sentence. Likewise, the failure to specify drug

quantity and type in the indictment does not present us with an *Apprendi* problem because his sentence was well below the statutory maximum for possessing with intent to distribute 315 kilograms of marijuana.

### C.  Safety Valve

Finally, Martinez argues that the district court erred in denying him a two-level reduction in offense level under the safety valve provisions codified at 18 U.S.C. § 3553(f) and repeated in U.S.S.G. § 5C1.2. A defendant is eligible for the safety valve if he meets five requirements: (1) he does not have more than one criminal history point under the sentencing guidelines; (2) he was not violent in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) he was not an organizer, leader, manager, or supervisor, as determined under the sentencing guidelines; and (5) no later than the time of the sentencing hearing, he has truthfully provided the government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct. 18 U.S.C. § 3553(f). We review the district court's failure to impose the safety valve provision for clear error. *United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir. 2000). Martinez bears the burden of proving he is eligible for the safety valve provision, *see id.*, and he cannot meet this burden if the government challenged the truthfulness, accuracy, or completeness of his statements and he produced nothing to persuade the district court that his disclosures were truthful and complete. *See United States v. Ramirez*, 94 F.3d 1095, 1101 (7th Cir. 1996).

In this case, although the PSR concluded that Martinez was eligible for the safety valve provision, the government objected to that finding. The government argued, and the district court agreed, that Martinez failed to provide

all the information he had. Not only did Martinez's proffer lack details to aid in the investigation of the source of the drugs, he recanted his admission to prior drug runs and refused to give information for fear of putting his family in jeopardy. Judge Stiehl's finding that Martinez's testimony did not qualify for the reduction is not clearly erroneous, and therefore, we affirm the denial of the safety valve provision.

## III.  CONCLUSION

Because the district court did not err in imposing Martinez's 120 month sentence, the judgment of the district court is AFFIRMED.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*