NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2008
Decided May 1, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3237

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 04:06CR40029-009-JPG |
| TRAVEON LOVING, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Traveon Loving pleaded guilty without the benefit of a plea agreement to one count of conspiracy to distribute 50 grams or more of crack. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court calculated a guidelines range of 87 to 108 months' imprisonment, but sentenced him to 120 months, the statutory minimum. *See* § 841(b)(1)(A). Loving filed a notice of appeal, but counsel now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Loving has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is adequate, we limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by telling us that he advised Loving of the risks associated with withdrawing his guilty plea, and that Loving decided that he does not wish to challenge the

plea. So counsel appropriately refrained from discussing whether Loving could argue that his plea was not voluntary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel next considers whether Loving could challenge his sentence. At sentencing Loving argued that he was entitled to a sentence below the statutory minimum under the safety valve. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). But the district court disagreed and found that Loving was ineligible for the safety valve because he had not been truthful in his proffer. It is was Loving's burden to establish by a preponderance of the evidence that he was eligible for the safety valve, *see United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004), and we would review for clear error the district court's determination that he had not met his burden, *see United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004). To meet the criteria for the safety valve, Loving had to show, among other things, that he "truthfully provided to the Government all information and evidence [he] has concerning the offense." U.S.S.G. § 5C1.2(a)(5). At the sentencing hearing the government's attorney said that Loving had been dishonest at his proffer interview. When faced with this assertion, Loving came forward with nothing to show that his proffer was complete and truthful, as was necessary to meet his burden. *See United States v. Martinez*, 301 F.3d 860, 866 (7th Cir. 2002). Thus we agree with counsel that it would be frivolous for Loving to argue that the district court's decision was clearly erroneous. And, in the absence of the safety valve, the district court was not free to impose a sentence below the mandatory minimum provided by statute. *See United States. v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir 2005). Thus it also would be frivolous for Loving to argue that his sentence was unreasonable.

Finally, we note that the Supreme Court recently determined that a district court may sentence a defendant below the guidelines range if the court disagrees with the policy, adopted by Congress and the Sentencing Commission, that offenses involving crack cocaine should be sentenced more harshly than those involving the same amount of powder cocaine. *See United States v. Kimbrough*, 128 S. Ct. 558, 564 (2007). But *Kimbrough* does not help Loving because Loving received the statutory minimum sentence, and *Kimbrough*, as an application of *United States v. Booker*, 543 U.S. 220 (2005), does not allow a district court to impose a sentence below the statutory minimum. *See Kimbrough*, 128 S. Ct. at 569-71; *United States v. Johnson*, No. 07-1930, 2008 WL 516518, at *3 (8th Cir. 2008); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007). So it would be frivolous for Loving to argue that he could receive a lower sentence in light of *Kimbrough*.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.