NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2010
Decided July 20, 2010
**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1074

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ALONSO PALMERO,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:08 CR 00173<br><br>David F. Hamilton,<br>*Circuit Judge, Sitting by Designation.* |

**O R D E R**

Alonso Palmero pleaded guilty to one count of distributing and one count of possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. *See* 21 U.S.C. § 841(a)(1). He received concurrent terms of 180 months' imprisonment on each charge. Palmero appeals his sentence, arguing that the district court erred by refusing to apply the "safety valve" guideline, U.S.S.G. § 5C1.2(a), which would have decreased his offense level, *see id.* § 2D1.1(b)(11), and yielded a lower guidelines range. We affirm the sentence.

From May to October 2008, Palmero sold at least 3.13 kilograms of methamphetamine to a confidential informant. Police then found in his home and on his person an additional 3.49 kilograms. After he pleaded guilty but before he was sentenced, Palmero met with the government in an attempt to benefit from the safety-valve guideline, U.S.S.G. § 5C1.2(a). The chief function of § 5C1.2(a) is to permit district courts to impose sentences below an otherwise-mandatory statutory minimum. 18 U.S.C. § 3553(f). That function would not have aided Palmero because his drug quantity placed him in a range above the statutory minimum, but he sought a 2-level reduction in offense level that U.S.S.G. § 2D1.1(b)(11) provides to drug offenders who qualify for the safety valve.

A defendant seeking a safety-valve reduction must meet five requirements, but the only one at issue here is the fifth: "not later than at the time of the sentencing hearing, the defendant has *truthfully* provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a) (emphasis added). Unfortunately, Palmero began the proffer session by lying about the identity of his methamphetamine supplier. Not until the government confronted him with evidence contradicting his statements did Palmero recant and provide a new version. The government did not have any evidence to contradict Palmero's second story.

At sentencing the government contended that Palmero did not qualify for a safety-valve reduction because his disclosures were not truthful and complete. The district court agreed, but went on to explain that it would in any event have used its discretion to sentence Palmero to 180 months, even if he had qualified for the safety valve. (Without the safety valve, Palmero's adjusted offense level of 34 and criminal history category of I yielded a guidelines range of 151 to 188 months.) On appeal Palmero argues that he should have gotten a 2-level reduction in his offense level under U.S.S.G. § 2D1.1(b)(11).

A defendant has the burden of proving by a preponderance of the evidence that he qualifies for the safety valve. *United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004). If the government challenges the truthfulness or completeness of his disclosure, he must produce evidence to persuade the district court that the disclosure was truthful and complete. *United States v. Martinez*, 301 F.3d 860, 866 (7th Cir. 2002). On appeal, we review for clear error the district court's factual finding that a defendant was not fully truthful in a safety-valve proffer. *United States v. Alvarado*, 326 F.3d 857, 860 (7th Cir. 2003).

Palmero argues that his lying at the proffer session should not disqualify him for the safety valve because he immediately recanted the lie and, at the same session, ultimately provided a complete statement of his crime that the government did not contradict. The

government counters that Palmero only recanted because he was confronted with contrary evidence; otherwise, he might have persisted in his falsehood.

We have explained that the safety valve applies only to those who make "a good faith effort" and "do their best" to cooperate fully. *United States v. Corson*, 579 F.3d 804, 814 (7th Cir. 2009), *cert. denied,* 130 S. Ct. 1751 (2010); *United States v. Marin*, 144 F.3d 1085, 1095 (7th Cir. 1998); *United States v. Arrington*, 73 F.3d 144, 148 (7th Cir. 1996). Lying to investigators demonstrates bad faith and will disqualify a defendant for the safety valve. *United States v. Ramunno*, 133 F.3d 476, 482 (7th Cir. 1998). Palmero confined his lying to just one session, but by lying about his supplier he demonstrated bad faith and cast doubt on the truth of his other, uncontradicted statements. *See Marin*, 144 F.3d at 1095; *Arrington*, 73 F.3d at 148. Thus, the district court did not err in finding that Palmero failed to meet his burden of showing complete and truthful disclosure under U.S.S.G. § 5C1.2(a).

We presume Palmero's within-guidelines sentence reasonable, *see Gall v. United States*, 552 U.S. 38, 46-47 (2007); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008), and Palmero offers nothing to rebut that presumption. Accordingly, we AFFIRM the sentence.