NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 30, 2013
Decided June 12, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2729

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 11-CR-234 |
| | |
| SHANNON L. DIXON, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Shannon Dixon pleaded guilty to conspiring to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1). Her plea agreement included a stipulation that Dixon was responsible for 100 to 400 grams of heroin. The district court imposed a sentence of 35 months, half the low end of the imprisonment range recommended by the U.S. Sentencing Guidelines, according to the calculations proposed by the parties and accepted by the court. Dixon now appeals, arguing that the court failed to address fully her arguments in mitigation. Had it done so, she contends, it would have sentenced her to 30 months, which represents half of what the court believed to be the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(B)(i). But Dixon got a big break. Both she and the government have overlooked the fact that the district court understated her statutory minimum sentence by five years; this error (not open to discussion because the government did not file a cross-

appeal) makes her quibble over five months seem inconsequential. And in any event, the court adequately addressed all of Dixon's arguments in mitigation. We therefore affirm the district court's judgment.

**I**

Along with eight codefendants, Dixon was indicted and charged with conspiring to distribute heroin from 2009 through October 2011. The indictment alleges that the conspiracy involved at least one kilogram of heroin, which is an amount sufficient to mandate a prison term of no less than 10 years. See 21 U.S.C. § 841(b)(1)(A)(i). Dixon's group, led by codefendants Clement Evans and his nephew, William Evans, dealt heroin in Milwaukee. Dixon negotiated a plea agreement that allowed her to plead to a superseding information in which the drug amount was lowered from one kilogram to 100 grams, thus purporting to lower the mandatory minimum sentence to five years. *Id.* § 841(b)(1)(B)(i). Dixon suggests that the information charges a different conspiracy because it says simply that she conspired with "others" instead of identifying her colleagues by name. But the omission of the names is a function of the settled rule that coconspirators who are not charged in an indictment or information should not be named either. See U.S. ATTORNEYS' MANUAL § 9-11.130, 2000 WL 1708117, at *1 (2002); *United States v. Briggs*, 514 F.2d 794, 802 (5th Cir. 1975); *United States v. Kramer*, 711 F.2d 789, 796 (7th Cir. 1983). Moreover, Dixon's assertion about the superseding information is contradicted by a look at the factual basis on which it rests. It details heroin amounts attributable to the conspiracy of more than 1,500 grams, including more than 450 grams seized by investigators or purchased during undercover transactions. In Dixon's plea agreement, she and the government stipulate that "[f]or purposes of determining the defendant's base offense level under the sentencing guidelines, . . . the drug quantity attributable to the defendant is at least 100 grams, but less than 400 grams of heroin." Both sides apparently overlooked the fact that the *statutory* minimum and maximum penalties under § 841(b) are based not on the drug quantity attributable to the particular defendant, but on the total amount involved in the conspiracy. See *United States v. Nunez*, 673 F.3d 661, 662 (7th Cir. 2012); *United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009).

The probation office incorporated the entire factual basis set forth in the plea agreement into the presentence report, which was adopted by the district court without objection. The probation officer assumed that Dixon "would have faced a mandatory minimum term of ten years['] incarceration" had she been convicted on the conspiracy charged in the indictment. Like the parties, however, the probation officer assumed that substituting "100 grams" for "1 kilogram" in the superseding information had the effect of lowering Dixon's minimum statutory exposure from 10 years down to 5. The probation officer then used the stipulated weight of 100 to 400 grams to calculate the guidelines

range: 70 to 87 months, based on a total offense level of 23 (including a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1) and a criminal-history category of IV.

The government filed a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to release Dixon from the statutory minimum because of her substantial assistance in the investigation of her coconspirators. Among other things, she helped to arrange a controlled buy. The government recommended a sentence of 45 months, which is approximately a 35% reduction from the bottom of the range calculated by the probation office. Dixon countered with a rather testy sentencing memorandum calling the government's recommendation "ungenerous, incomplete, and uninformed." She argued that even putting her substantial assistance to one side, other factors in 18 U.S.C. § 3553(a) were enough to warrant a prison term at the assumed statutory minimum of 60 months. For instance, she contended that her criminal-history category overstated the likelihood of recidivism, that her base offense level might have been lower if she had not confessed her conduct to agents when she was arrested, and that she had quickly kicked her longstanding addiction to heroin during her court-ordered treatment while she was on bond. On top of that, she asserted that her addiction and other serious health issues were factors warranting the minimum sentence. Her substantial assistance, she concluded, should further reduce her prison term from 60 months to time served (by which she apparently means the few hours she spent in custody before her arraignment and release on bond).

During Dixon's allocution, the district court heard about her struggles with substance dependency and her emotional evolution since completing rehabilitation. Defense counsel continued to urge a sentence of time served, characterizing her commitment to treatment as something "the likes of which one would be hard to match in the criminal justice system." He conceded, however, that only her substantial assistance would permit the court to go below 60 months.

In its remarks explaining the sentence, the court did not expressly address Dixon's criminal history or how quickly she had apparently regained sobriety. It did, however, discuss her "addiction and the fact that her involvement in this drug conspiracy was fueled in large measure by her own addiction and her physical need for drugs." The court also noted that it was "mindful of the particulars of Ms. Dixon's health" and had taken her health problems into account when imposing sentence. It then turned to the task of balancing her favorable characteristics against the seriousness of her offense and the need to deter her and others from such crimes. At that point, it concluded that the government's proposed 35% decrease for substantial assistance, although generous, was still not enough to reward Dixon for her cooperation. It then lopped another 10 months off that recommendation and imposed a sentence of 35 months.

**II**

On appeal, Dixon concedes that 35 months is substantively reasonable. She also does not dispute the extent of the reduction attributable to her substantial assistance, wisely recognizing that this was a question within the district court's discretion and that the court had given her a substantial break. Her argument instead is that her sentence is procedurally flawed because the district court failed to address her principal arguments in mitigation. Had it done so, she believes, it would have started at a baseline of 60 months and worked from there when it computed her discount for substantial assistance. In the end, she predicts, she would have received a sentence of 30 months (50% of 60 months, rather than the 35 months, which is 50% of 70 months).

Before turning to this argument, we think it important to make a couple of observations. First, as we have noted, both parties and the district court concluded that because she pleaded guilty to the information, which alleged a heroin quantity of 100 grams rather than one kilogram, her statutory minimum penalty is five years. But drug quantity is not an element of an offense under either § 841 or § 846. *United States v. Clark*, 538 F.3d 803, 811–12 (7th Cir. 2008); *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002). Dixon pleaded guilty to conspiring to distribute a controlled substance, and the minimum penalty under § 841(b) depended on the quantity and type of drug involved in the entire conspiracy, not the smaller amount she personally agreed to distribute. See *Harris v. United States*, 536 U.S. 545, 567–68 (2002); *Nunez*, 673 F.3d at 662; *United States v. Pineda-Buenaventura*, 622 F.3d 761, 774 (7th Cir. 2010); *Easter*, 553 F.3d at 523; *Clark*, 538 F.3d at 811–12; *Martinez*, 301 F.3d at 865. The specific amount must be alleged in the indictment or information and determined by a jury beyond a reasonable doubt only when the amount increases the statutory maximum. See *Harris*, 536 U.S. at 567; *Pineda-Buenaventura*, 622 F.3d at 774.[*] The district court accepted without objection from either party, and Dixon admitted, the factual findings in the presentence report, which attributed to the conspiracy well over a kilogram of heroin. Thus, although the guidelines range was calculated correctly based on the specific quantity of heroin attributable to Dixon as relevant conduct, the statutory minimum should have been based on the quantity of heroin involved in the entire conspiracy: 10 years. See 21 U.S.C. § 841(b)(1)(A)(i).

---

[*] We recognize that the Supreme Court has under consideration the question whether to overrule *Harris* and to require that amounts affecting a statutory minimum must also be alleged in the indictment or information and proved beyond a reasonable doubt. See *Alleyne v. United States*, No. 11-9335 (U.S. argued Jan. 14, 2013). Given the way that the district court approached Dixon's case, however, the result in *Alleyne* will have no effect on the outcome for her.

To offer additional perspective on Dixon's sentence, we note as well that the government could have filed an enhancement information based on at least one, and possibly both, of Dixon's prior convictions for possessing drugs. See 21 U.S.C. § 851(a)(1); *United States v. Reeves*, 695 F.3d 637, 638 (7th Cir. 2012). Had it done so, and assuming that only one of those convictions is for a felony, Dixon would have faced a mandatory minimum term of 20 years, not 10, based on the conspiracy's kilogram of heroin.

We turn now to Dixon's central points. In choosing an appropriate sentence, the court must consider the defendant's principal, non-frivolous arguments in mitigation. *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009); *United States v. Cunningham*, 429 F.3d 673, 678–79 (7th Cir. 2005). It need not mention common arguments that are not supported by any evidence particular to the defendant. See, e.g., *United States v. Cerna*, 676 F.3d 605, 609 (7th Cir. 2012); *United States v. Garcia-Oliveros*, 639 F.3d 380, 381–82 (7th Cir. 2011). Less explanation is ordinarily required when the court chooses a sentence that falls within the advisory guidelines range. See *United States v. Curby*, 595 F.3d 794, 796–97 (7th Cir. 2010); *United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009).

Dixon first contends that the district court erred by not mentioning her argument that her criminal-history category overstates the seriousness of her past conduct. But Dixon mentioned this argument only briefly during the sentencing hearing, and her discussion in her sentencing memorandum adds nothing useful. This is not enough to support an argument that the district court should have done more than it did to tailor the sentence to her particular circumstances.

Next, Dixon argues that the court gave inadequate weight to her quick and marked recovery from her heroin addiction. Again, however, she did not develop this point to any helpful degree. She mentioned her substance-abuse treatment in her sentencing memorandum, but she did not specify how quickly she recovered. She vaguely mentioned this point during the sentencing hearing, and again while discussing her substantial assistance. The court did not pass over this point in silence. It discussed her addiction and the need to deter her from further crime, both of which are factors that relate to her rehabilitation. See *United States v. Robertson*, 662 F.3d 871, 878 (7th Cir. 2011); *United States v. Moreno-Padilla*, 602 F.3d 802, 812 (7th Cir. 2010). Moreover, the court granted Dixon a three-level reduction in her offense score for acceptance of responsibility, for which post-offense rehabilitation is relevant. U.S.S.G. § 3E1.1 cmt. n.1(G); *United States v. Leahy*, 464 F.3d 773, 791 (7th Cir. 2006).

The judgment of the district court is AFFIRMED.