NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016
Decided May 24, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3769

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 13-CR-10064-001 |
| MONTA Y. ANDERSON, <br> *Defendant-Appellant.* | Michael M. Mihm, <br> *Judge.* |

**O R D E R**

Monta Anderson bought heroin from a Chicago supplier and distributed it in Peoria, Illinois. Over the course of two years, he distributed more than a kilogram, some through a coconspirator who sold directly to 21-year-old James Reader, a heroin addict. Reader overdosed on heroin and died; two more of Anderson's customers also overdosed, though both survived.

Anderson pleaded guilty to conspiracy to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1). As part of a binding plea agreement, *see* FED. R. CRIM. P. 11(c)(1)(C), Anderson stipulated that the conspiracy had involved at least a kilogram of heroin, and also that Reader had died from using heroin he supplied. Those stipulations resulted in a statutory penalty range of 20 years to life in prison, 21 U.S.C. § 841(b)(1)(A), and the

parties agreed that 20 years was the appropriate sentence. During the plea colloquy Anderson told the district court that he might have a factual defense to causation, since, according to the defendant, Reader had been buying heroin from other dealers and also abusing prescription drugs. Anderson assured the judge, however, that he was standing by the plea agreement, including its stipulation about the cause of Reader's death. The district court accepted the plea agreement and sentenced Anderson to 223 months (after a reduction for time served in state prison for a related offense, *see* U.S.S.G. §§ 5G1.3(b), 5K2.3). That term is significantly below the guidelines range of 360 months to life.

As part of the plea agreement, Anderson had waived his right to file a direct appeal. Yet he still filed a notice of appeal, and his appointed counsel now seeks to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Anderson opposes counsel's motion, *see* CIR. R. 51(b), because, he argues, the government could not have proved that Reader died from using heroin he supplied. *See Burrage v. United States*, 134 S. Ct. 881, 892 (2014) (holding that statutory enhancement will not apply unless government can prove that drugs supplied by defendant were the "but-for" cause of death or serious bodily injury). The analysis in counsel's *Anders* submission appears to be thorough, so we limit our review to the subjects that counsel discusses, plus the additional issue presented by Anderson. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Any challenge to the appeal waiver would be frivolous unless Anderson's guilty plea was invalid. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012). After this appeal was filed, Anderson moved to have his guilty plea set aside on the ground that the government had never proved he caused Reader's death. That motion was denied because of the pending appeal, but Anderson's factual premise was incorrect: His stipulation was proof enough. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."). The motion's legal premise also was incorrect, since the statutory enhancement for causing death or serious injury is a sentencing factor that has nothing to do with the validity of a guilty plea. *See United States v. Lawler*, No. 15-1496, 2016 WL 1055857, at *3 (7th Cir. Mar. 16, 2016) (leaving undisturbed defendant's conviction by guilty plea for distributing heroin despite vacating sentence enhancement for causing death); *United States v. Duvall*, 272 F.3d 825, 830 (7th Cir. 2001) (explaining that, even if government fails to prove beyond a reasonable doubt facts necessary to support enhanced sentence, "it does not jeopardize the conviction").

Regardless, Anderson's lawyer (who also represented the defendant in the district court) correctly asserts that an appellate challenge to Anderson's guilty plea would be frivolous because, as counsel notes, the district judge substantially complied with Federal Rule of Criminal Procedure 11 when accepting Anderson's plea. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The district judge placed Anderson under oath and admonished him about the pending charge, the statutory penalties, his various trial rights, and the court's ability to impose a sentence outside the guidelines range. *See* FED. R. CRIM. P. 11(b)(1); *United States v. Bowlin*, 534 F.3d 654, 656–57 (7th Cir. 2008). The court also ensured that Anderson's guilty plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2), (3). And since an appellate challenge to the guilty plea would be frivolous, the appeal waiver is dispositive.

Moreover, Anderson's appeal would be frivolous even without the appeal waiver. He bargained for a specific sentence, and that agreement became binding when the district court accepted it. *See* FED. R. CRIM. P. 11(c)(1)(C), (c)(3)(A); *United States v. Sanford*, 806 F.3d 954, 960 (7th Cir. 2015); *United States v. Cieslowski*, 410 F.3d 353, 363–64 (7th Cir. 2005). The sentence was lawfully imposed and is the term that Anderson had agreed to accept, and thus we lack jurisdiction to review the sentence. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996).

Finally, in his Rule 51(b) response, Anderson argues that counsel's performance was deficient in several ways. Yet, a claim of ineffective assistance is best reserved for collateral review where the record can be better developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). That is especially so when a defendant is represented on appeal by the lawyer whose performance is questioned. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.