NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016[*]
Decided November 9, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-CR-10064-001 |
| MONTA Y. ANDERSON, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Monta Anderson appeals from the denial of his postjudgment motion seeking to rescind his guilty plea to conspiracy to distribute heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). We affirm that decision.

As part of a binding plea agreement, *see* FED. R. CRIM. P. 11(c)(1)(C), Anderson stipulated that the conspiracy involved at least a kilogram of heroin and that the heroin he sold caused James Reader's overdose and death. The district court sentenced Anderson to 223 months' imprisonment and 10 years' supervised release. Anderson filed a notice of appeal, but we recently granted his attorney's request to withdraw

---

[*] We have unanimously agreed to decide the case without oral argument because the dispositive issue has been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

under *Anders* and dismissed the appeal. *United States v. Anderson* No. 15-3769, 2016 WL 3006890, at *2 (7th Cir. May 24, 2016). Meanwhile, with his direct appeal still pending, Anderson filed in the district court a pro se motion to withdraw his guilty plea. The district court denied the motion and told Anderson that he must follow the proper avenues of appeal now that judgment had been entered. Anderson appeals that decision.

The district court was correct that it could not reach the merits of Anderson's motion. Anderson had an appeal pending before this court, and resolving his motion would have impermissibly disturbed the judgment under review. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). The district court denied Anderson's motion, but in fact the district court did not have subject matter jurisdiction because of the pending appeal. Accordingly, we affirm for lack of subject matter jurisdiction.

AFFIRMED.