In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3715

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARIANO ORTIZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 438-2—**Virginia M. Kendall**, *Judge.*

ARGUED MAY 6, 2011—DECIDED JUNE 14, 2011

Before BAUER, KANNE, and EVANS, *Circuit Judges*.

KANNE, *Circuit Judge.* Jarbaree Williams sold Mariano Ortiz a car and then took him for a ride. After the ill-fated road trip with Williams to buy drugs, Ortiz pled guilty to attempted possession with the intent to distribute controlled substances. Ortiz appeals the statutory-minimum sentence he received under 21 U.S.C. § 841(b), arguing that his offense involved only the substance he intended to personally possess and distribute. But

Ortiz pled guilty to aiding and abetting Williams's at-tempted possession with the intent to distribute, so his offense involved all the controlled substances he helped Williams attempt to purchase. Accordingly, we affirm Ortiz's sentence.

## I. BACKGROUND

In late June 2007, Ortiz bought a used GMC Jimmy from Williams, a former high school classmate. About two weeks later, Williams proposed that Ortiz join him on a road trip to Tinley Park, Illinois, where Williams had arranged to buy 135 pounds of marijuana and 7 kilograms of cocaine. Ortiz knew about the transaction—and supplied between $5,000 and $20,000 of the purchase money—but Williams had organized the deal and planned the trip. Neither Williams nor Ortiz knew that the pro-fessed wholesaler was an undercover law enforcement agent.

The two traveled separately, and only Williams got out of his vehicle when they arrived at the point of sale. After Williams inspected the drugs, officers arrested him and Ortiz. The officers found $20,000 in Ortiz's Jimmy and about $50,000 in Williams's vehicle. After his arrest, Ortiz admitted he had come to buy marijuana. He denied any interest in (or knowledge of) the cocaine.

The government charged Ortiz with two counts: con-spiracy to possess with the intent to distribute control-led substances in violation of 21 U.S.C. § 846 (Count 1) and attempted possession with the intent to distribute con-

trolled substances in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 2).[1] After Williams pled guilty and agreed to testify against Ortiz, Ortiz pled guilty to Count 2. He reserved the right to have the district court determine the amounts and types of controlled substances involved in his offense and the appropriate sentence.

Arguments at sentencing focused on 21 U.S.C. § 841(b), which prescribes the minimum and maximum penalties for any violation of 21 U.S.C. § 841(a). Everyone agreed that the government was required to show the amounts and types of controlled substances involved (for § 841(b) purposes) in Ortiz's offense beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). After two rounds of hearings and one round of briefs, the court found that Ortiz's offense involved 7 kilograms of cocaine and 135 pounds of marijuana. Accordingly, the court concluded that 21 U.S.C. § 841(b) required a minimum sentence of 120 months' imprisonment. The court imposed a sentence of 120 months, but suggested it would have handed down a shorter sentence if not for the statutory minimum. Ortiz appealed, claiming the government had not shown the drug type and amount involved in his offense beyond a reasonable doubt.

---

[1] Section 841 of Title 21 criminalizes possession with the intent to distribute a controlled substance, the offense underlying the various charges against Ortiz.

## II. ANALYSIS

We review *de novo* the interpretation of statutes and plea agreements. *United States v. Bell*, 598 F.3d 366, 368 (7th Cir. 2010); *United States v. Sowemimo*, 335 F.3d 567, 571 (7th Cir. 2003). We usually review for clear error any factual findings of the type and amount of controlled substances involved in an offense. *United States v. Betts*, 576 F.3d 738, 742 (7th Cir. 2009) (type); *United States v. Winbush*, 580 F.3d 503, 512-13 (7th Cir. 2009) (amount). But where the factfinder has found the type and amount beyond a reasonable doubt in accordance with *Apprendi*, we review *de novo* whether sufficient evidence supported that finding. *See United States v. Arras*, 373 F.3d 1071, 1073-74 (10th Cir. 2004).

Ortiz and the government vehemently disagree about the offense to which Ortiz pled guilty as a principal. The government argues that Ortiz participated with Williams as a principal in the attempted purchase of cocaine and marijuana from the undercover agent. Its theory is that Ortiz was to provide $20,000 toward the purchase and receive 2 kilograms of the cocaine and 10 to 30 pounds of the marijuana, all of which he would later resell. The government maintains that, regardless of the amount of drugs Ortiz planned to walk away with, Ortiz's guilty plea was based on his participation—as a principal—in the attempted purchase of drugs from the undercover agent. Accordingly, the government contends that, for 21 U.S.C. § 841(b) purposes, the offense to which Ortiz pled guilty involved all the controlled substances included in the attempted purchase. Because Ortiz does

not dispute that this attempted purchase involved 135 pounds of marijuana and 7 kilograms of cocaine, the government argues, Ortiz has no basis to challenge the district court's findings of drug types and amounts.

Ortiz argues that two distinct transactions were planned. In the primary transaction, Williams would buy a large quantity of drugs, including marijuana at $450 per pound. In a secondary transaction, Ortiz would buy 50 to 60 pounds of marijuana from Williams at about $800 per pound. Ortiz claims that this secondary transaction alone formed the basis of his guilty plea. Thus, he contends that the offense to which he pled guilty could not have involved any controlled substances except the marijuana he planned to buy from Williams. *See United States v. Rodriguez*, 67 F.3d 1312, 1324 (7th Cir. 1995) (noting that, in contrast to the sentencing guidelines, 21 U.S.C. § 841(b) "looks only to the conduct which actually resulted in a conviction" (quotation marks omitted)). Ortiz also contends that, even if we were to interpret "involves" liberally enough to allow the government to show that his offense (as he characterizes it) involved all the drugs Williams attempted to purchase, the government made no such showing.

Because Ortiz pled guilty to aiding and abetting Williams's attempted possession with the intent to distribute controlled substances, we need not decide whether the government or Ortiz is accurately characterizing the offense to which Ortiz pled guilty as a principal. Ortiz tries to minimize his plea of aiding and abetting, stating in his brief that "[t]he reference to 18 U.S.C.

§ 2 in the plea is nothing more than an acknowledgment that Mr. Ortiz's attempt to possess and distribute also constitutes aiding and abetting Jarbaree Williams's attempt to possess and distribute the same substance (marijuana) and distribute it to him." But Ortiz's explanation does not change the fact that he pled guilty to aiding and abetting Williams's attempted purchase from the undercover agent. That attempted purchase was the means by which Williams attempted to possess the marijuana Ortiz wanted, and that attempted purchase involved 135 pounds of marijuana and 7 kilograms of cocaine.

In short, Ortiz pled guilty to an offense—aiding and abetting the attempted possession of controlled substances with the intent to distribute—that involved 135 pounds of marijuana and 7 kilograms of cocaine. The amount and type of controlled substances Ortiz intended to personally possess and distribute are irrelevant to his aiding and abetting liability under 21 U.S.C. § 841(b). *Cf. United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002) ("[A]ll that § 841(b) requires is that the offense involve certain types and quantities, not that the defendant *know* the type and quantity.").

Perhaps recognizing the importance of 18 U.S.C. § 2, Ortiz argues that the government waived any aiding and abetting argument. As evidence of this purported waiver, Ortiz points to the government's September 21, 2009, submission to the district court regarding sentencing. Ortiz refers us to the section of the submission titled "The Government did not Need to Rely on Title 18,

United States Code, § 2." In this section, the government argues that it did not need to prove Ortiz had aided and abetted Williams's offense because Ortiz pled guilty as a principal. Ortiz conveniently omits the governments statement in the same section that Ortiz "did, in fact, aid and abet the commission of that offense."

The government's message in its September 21 submission is consistent with its argument at sentencing on August 27, 2009: "It just seems as though there is a misunderstanding. [Ortiz] is saying he pled guilty to this count and that count. He pled guilty to attempting to knowingly and intentionally possess with the intent to distribute controlled substances . . . . [A]nd what is important, Section 2 is also a part of that count. He pled guilty to 18 U.S.C. § 2, which is aiding and abetting." The government further clarified its position at oral argument before this court: "We don't concede anything with respect to aiding and abetting. It was in Count 2 of the indictment." The government was confident that it was characterizing Ortiz's actions as a principal accurately. Still, it did not waive its argument that Ortiz's aiding and abetting of Williams's offense involved 135 pounds of marijuana and 7 kilograms of cocaine.

### III. CONCLUSION

Ortiz pled guilty to aiding and abetting Williams's attempted possession with the intent to distribute controlled substances. That offense involved 7 kilograms of cocaine and 135 pounds of marijuana, so 21 U.S.C.

§ 841(b) requires a minimum sentence of 120 months' imprisonment. We thus AFFIRM Ortiz's sentence.