NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2014
Decided January 17, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1327

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 1015-2 |
| MARCO SMITH, *Defendant-Appellant.* | Harry D. Leinenweber, *Judge*. |

## O R D E R

After a police informant sought to buy crack cocaine from Marco Smith's codefendant, Smith and the codefendant brought 4½ ounces of powder cocaine to a residence where two other men "cooked" it into crack for the informant. Smith was charged with distributing a controlled substance, which the indictment describes as 50 or more grams of crack. *See* 21 U.S.C. § 841(a)(1). That amount of crack, given Smith's prior conviction for a felony drug offense, subjected him to a statutory minimum term of 10 years' imprisonment. *See id*. §§ 841(b)(1)(B); 851. Smith pleaded guilty without a plea agreement and was sentenced to 10 years. He filed a notice of appeal, but his newly

appointed lawyer believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Smith did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Smith could dispute the voluntariness of his guilty plea. Smith has told his lawyer that he wishes to raise an appellate challenge, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), but our review would be limited to plain error because in the district court he did not move to withdraw the plea, *see United States v. Vonn*, 535 U.S. 55, 62-63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). During the plea colloquy Smith was told that he faced a statutory minimum term of imprisonment and a possible life sentence, but these admonishments were correct only if the cocaine he distributed was crack rather than powder. Counsel thus explores the claim that Smith never admitted distributing crack.

Smith acknowledged without hesitation that he sold cocaine to the informant, but during the plea colloquy he sought to define his crime as distributing powder cocaine, not crack. Often the form and amount of a drug make no difference in assessing the voluntariness of a guilty plea to § 841(a)(1) because type and quantity are sentencing factors, not elements of the crime of distributing a controlled substance. *See United States v. Washington*, 558 F.3d 716, 719 (7th Cir. 2009); *United States v. Bjorkman*, 270 F.3d 482, 491–92 (7th Cir. 2001). Yet before accepting a guilty plea, a district court must be satisfied that the defendant understands the possible penalties, including any statutory minimum term of imprisonment. FED. R. CRIM. P. 11(b)(1)(H), (I). And in this instance Smith should have been told, but was not, that the possible statutory penalties turned on the district court's findings at sentencing about the drug type and quantity. *See United States v. Fernandez*, 205 F.3d 1020, 1029–30 (7th Cir. 2000); *United States v. Padilla*, 23 F.3d 1220, 1221 (7th Cir. 1994). Instead the parties and the district judge proceeded as if Smith's judicial admissions about the drug type and quantity affected the validity of his guilty plea and not simply the possible sentence. That misunderstanding has led appellate counsel to frame the potential claim for appeal as whether the district court had an adequate factual basis to accept Smith's plea. *See* FED. R. CRIM. P. 11(b)(3).

The factual basis is not the issue. Smith admitted accepting $3,300 from the informant in exchange for cocaine (in one form or another), and the district judge did not need to hear anything more to be satisfied that the defendant knowingly distributed

a controlled substance in violation of § 841(a)(1). *See United States v. Pellmann*, 668 F.3d 918, 923 (7th Cir. 2012); *United States v. Ortiz*, 643 F.3d 206, 208 (7th Cir. 2011). In any event, we would conclude that the facts conceded by Smith establish that he and his codefendant indeed distributed well over 50 grams of *crack* to the informant. *See United States v. Soto-Piedra*, 525 F.3d 527, 532 (7th Cir. 2008) (looking to defendant's admissions to determine whether offenses involved powder or crack cocaine); *United States v. Padilla*, 520 F.3d 766, 769–71 (7th Cir. 2008) (finding sufficient evidence that defendant distributed crack as opposed to another form of cocaine base). The informant wanted to buy crack, not powder, and though Smith initially had powder, he arranged for the substance to be converted into crack before the delivery to the informant. After accepting the informant's money, Smith went to retrieve the powder cocaine while his codefendant and the informant obtained baking soda, Pyrex cookware, a scale, and other items. The three later joined two other men at a residence where the newcomers—with Smith and his codefendant looking on and commenting on the process—cooked the powder into what Smith conceded was more than 50 grams of crack. Only after the conversion was complete did the informant accept the cocaine, and then Smith paid his codefendant a small sum for arranging the deal before everyone went their separate ways. Thus, it would be frivolous for Smith to contend that he was misadvised about the possible statutory penalties.

For that reason counsel also correctly concludes that an appellate challenge to Smith's prison sentence would be frivolous. The 10-year term is the shortest Smith could have received given the amount of crack and his prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(B), 851; *see also United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007) (holding that district courts are bound by statutory ranges).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.